IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Elena Duarte, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 1:12-cv-00497 |
| ) | |
| Bank of America, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant ALG Trustee, LLC, by counsel, hereby submits this Memorandum of Law in Support of its Motion to Dismiss.

BACKGROUND

The Plaintiff alleges that she is the owner of that property commonly known as 11100 Del Rio Drive, Fairfax Virginia (herein referred to as the "Del Rio Drive Property"). Complaint, ¶ 1. The Plaintiff alleges that she signed a promissory note and deed of trust with Bank of America, N.A., as beneficiary in regard to the Del Rio Drive property. Complaint, ¶ 10. The Plaintiff alleges that, after executing these documents, she began making payments to Bank of America, N.A. Complaint, ¶ 12. The Plaintiff alleges that she has now received communications demanding payment and declaring default and acceleration of the note and deed of trust. Complaint, ¶ 15. However, the Plaintiff alleges, among other things, that the obligation secured by the deed of trust has been extinguished, has been satisfied, is void, or has been split from the deed of trust resulting in an unsecured note or obligation thereby voiding the security interest in the property. Complaint, ¶ 17. Indeed, the Plaintiff alleges that, "[b]y proceeding with

demands for payment[,] [D]efendants BOA and MERS engaged in extortion by demanding money from Plaintiff when no debt was owed." Complaint, ¶ 19. In the end, the Plaintiff seeks a declaration that the deed of trust is a nullity and that the title to the Del Rio Drive property is solely vested in her without being encumbered by the deed of trust. Complaint, pg. 9.

The Complaint names Bank of America, Mortgage Electronic Registration Systems, Inc., and ALG Trustee, LLC. Complaint, pg. 1. The Complaint contains the following Counts: 1) Violation of the Fair Debt Collection Practices Act (FDCPA), 2) Declaratory Judgment, 3) Slander of Title, 4) Negligence, 5) Unjust Enrichment, 6) Civil Conspiracy, and 7) Quiet Title. Based upon the single Prayer for Relief in the Complaint, it would appear that all seven (7) Counts are against each Defendant. See Complaint, pg. 9. For the reasons set forth below, all Counts in the Complaint should be dismissed with prejudice as to Defendant ALG Trustee, LLC.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the Complaint. See Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). When considering a motion to dismiss, the Court "must take all well-pleaded material allegations of the complaint as admitted" and "view them in the light most favorable to the plaintiff." See DeSole v. United States, 947 F.2d 1169, 1171 (4th Cir. 1991)(citing Jenkins v. McKeithen, 395 U.S. 411, 421 (1969)). That said, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, et al., 129 S. Ct. 1937, 1949 (2009)(citing Bell Atlantic Corp., et al., v. Twombly, et al., 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

2

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Notwithstanding, the Court, however, need not accept as true legal conclusions, unwarranted inferences, unreasonable conclusions, or arguments in the Complaint. See Eastern Shore Markets, Inc., v. J.D. Assocs. Ltd. P'ship, et al., 213 F.3d 175, 180 (4th Cir. 2000)(citations omitted).

## LAW AND ARGUMENT

### FEDERAL CLAIMS/JURISDICTION

Count I (Violation of FDCPA):

According to the Complaint, "Defendants BOA, MERS[,] and ATL have engaged in practices that violate the Fair Debt Collection Practices Act . . . ." Complaint, ¶ 23. However, there appears to be no specific relief sought as a result of such alleged violation. Thus, it would appear that the Plaintiff seeks some unspecified remedy for an alleged violation of a federal statute, namely 15 U.S.C. § 1692e. Section 1692e provides, among other things, that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The Complaint does not allege that Defendant ALG Trustee, LLC, is a debt collector as defined under the Fair Debt Collection Practices Act, nor does it allege that said Defendant was engaging in the collection of a debt. In addition, the Complaint does not specifically identify the communications in question, the contents of said communications, and how such contents are false, deceptive, or misleading representations. As such, the Complaint has failed to allege sufficient facts (even if assumed to be true for the purposes of a Motion To Dismiss) to establish a violation of

the Fair Debt Collection Practices Act—the effect being that Count I of the Complaint should be dismissed.

Count II (Declaratory Judgment):

"*Federal Rule of Civil Procedure 57* provides that the federal rules 'govern the procedure for obtaining a declaratory judgment under *28 U.S.C. § 2201*.'" Pazmino v. LaSalle Bank, N.A., et al., 2010 U.S. Dist. LEXIS 50306, at *11, *aff'd*, Pazmino v. LaSalle Bank, N.A., et al, 447 Fed. Appx. 467 (4th Cir. 2011). "Under the Declaratory Judgment Act, *28 U.S.C. § 2201(a)*, 'any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" Id. at *11. "'[D]eclaratory judgments are designed to declare rights so that parties can conform their conduct to avoid future litigation,' and are untimely if the questionable conduct has already occurred or damages have already accrued." Id. at *11-12 (citing The Hipage Co, Inc., v. Access 2 Go, Inc., 589 F. Supp.2d 602, 615 (E.D. Va. 2008)).

Although no Prayer for Relief is separately identified for Count II (Declaratory Relief), the general Prayer for Relief requests that this Court issue an Order which declares that "the title of the property is vested in the plaintiff's name alone[,] that the defendants "have no interests in the property[,]" and that the "[d]eed of [t]rust [is] a nullity." Complaint, pg. 9. However, in the Complaint, the Plaintiff alleges that the "Defendants have no legal or equitable right or interest in the Promissory Note andor/[sic] Deed of Trust, or in the alternative, the obligation has been extinguished, satisfied, is void, or has been split from the Deed of Trust resulting in an unsecured Note, and consequently, enter an Order declaring the Deed of Trust void with no effect."

4

Complaint, ¶ 26. In Count VII (i.e., Quiet Title) of the Complaint, the Plaintiff "seeks a declaration that the title to the Property is vested in [the] Plaintiff alone, free of liens of any Deed of Trust . . . . " Complaint, ¶ 45. Based on the face of the Complaint, the Plaintiff seeks the same basic relief in different Counts of the Complaint. In other words, the Plaintiff's alleged rights, claims, and damages have matured—the effect being that Count II of the Complaint (i.e., the Declaratory Judgment Count) should be dismissed with prejudice.

## STATE CLAIMS/JURISDICTION

Counts III (Slander of Title), IV (Negligence), V (Unjust Enrichment), VI (Civil Conspiracy), and VII (Quit Title) of the Complaint in this matter arises out of and/or otherwise relate to conduct and/or property in Virginia. See, e.g., Complaint, ¶¶ 1, 3, 10, 11, 17, 26, 28, 32, 37, 39, & 44. Therefore, Virginia law governs the state claims. See, e.g., Colgan Air, Inc., v. Raytheon Aircraft Co., 507 F.3d 270, 275 (4th Cir. 2007)(citation omitted).

Count III (Slander of Title):

It would appear that the "Supreme Court of Virginia has never expressly articulated the elements necessary to state a cause of action for slander of title." Smith, Trustee, et al., v. Miller and Smith at Pembrooke, LLC, et al., 2011 Va. Cir. LEXIS 186, *9 (Circuit Court of Fairfax County 12/14/11). "Generally, however, a plaintiff must demonstrate (1) dissemination of slanderous words, (2) falsehood, (3) malicious intent[, . . . and] (4) special damages." Id. (citations omitted). Count III of the Complaint fails to allege sufficient facts (even if assumed to be true for the purposes of a Motion To

Dismiss) to satisfy each and every element of a slander of title action against Defendant ALG Trustee, LLC. Therefore, this Count should be dismissed with prejudice.

Count IV (Negligence):

The Plaintiff seeks a declaratory judgment against Defendant ALG Trustee, LLC for negligently failing "to perform reasonable due diligence when the request to appoint them as substitute trustee and to commenced [sic] foreclosure proceedings upon request by an entity not a party to the Deed of Trust in violation of its duties of impartiality and ordinary care of a fiduciary." Complaint, ¶ 32. Plaintiff's complaint also alleges that Defendant ALG Trustee, LLC, "fraudulently set themselves up as having the right to commence or effectuate foreclosures in the state of Virginia." Complaint, ¶ 33.

"'[T]he powers and duties of a trustee in a deed of trust, given to secure the payment of a debt, are limited and defined by the instrument under which he acts.'" Warner, Jr., et al., v Clementson, 254 Va. 356, 361 (1997)(citing Powell v. Adams, 179 Va. 170, 174 (1942)).[1] "His [i.e., the trustee under a deed of trust] duties are to be measured by the deed of trust alone." Gloucester Realty Corp., et al., v. Guthrie, 182 Va. 869, 875 (1944). "[H]e [i.e., the trustee under a deed of trust] is a fiduciary who carries out contractual duties as set forth in the deed of trust and governing statutes." Beverly, et al., v. Sovran Bank, N.A., et al., 15 Va. Cir. 449, 455 (Circuit Court for Wise County April 12, 1989). And, "Virginia law does not impose fiduciary duties on trustees beyond those duties owed to the parties under the deed of trust." Fleet Finance v. Burke & Herbert Bank & Trust, et al., 27 Va. Cir. 98, 101 (Circuit Court for Fairfax County

---

[1] See also Loyola Federal Savings & Loan Assoc. v. Herndon Lumber & Millwork, Inc., 218 Va. 803, 805 (1978)(noting that a "trustee under a deed of trust['s]" "powers and duties are limited by statute and the instrument under which he acts.").

January 28, 1992).[2]

That said, "a single act or occurrence can, in certain circumstances, support causes of action both for breach of contract and for breach of a duty arising in tort, thus permitting a plaintiff to recover both for the loss suffered as a result of the breach and traditional tort damages . . . ." Dunn Construction Company, Inc., v. Cloney, 278 Va. 260, 266-67 (2009)(citation omitted). "To avoid turning every breach of contract into a tort, however, we [i.e., the Supreme Court of Virginia] have consistently adhered to the rule that, in order to recover in tort, 'the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." Id. at 267 (citations omitted).[3] In other words, "[t]here is no cause of action for the negligent breach of a contract." Murray v. Royal Construction Co., Inc., et al., 61 Va. Cir. 643, 646 (Circuit Court for Franklin County June 10, 2002).[4]

In this case, there is no independent tort duty plead and/or otherwise in existence under the facts of this case. Rather, as Judge Thatcher said in the Salazar case, "but for the existence of the Deed of Trust, Equity [i.e., the substitute trustee] would not have owed any fiduciary duties to the Salazars [i.e., the deed of trust grantors]." Salazar, at pg. 5. Therefore, the Plaintiff has failed to assert a valid negligence tort claim—the effect being that Count IV should be dismissed.

---

[2] See also Orange County v. Morgan, et al., 28 Va. Cir. 189, 197 (Circuit Court for Orange County May 27, 1992)("His [i.e., the trustee under a deed of trust] powers and duties are 'limited and defined, by the instrument itself'.")(citing Powell v. Adams, 179 Va. 170 (1942)).

[3] See also Gloria Salazar, et al., v. US Bank NA, et al., 2011 Va. Cir. LEXIS 30, *7 (Fairfax County Circuit Court March 9, 2011)("the Complaint must identify a separate common law duty that results independent from any contractual relationship").

[4] See also Re: First Health Services Corp. v. Baruch Defense Marking, Inc., et al., 1995 Va. Cir. LEXIS 1440, *4 (Circuit Court for Loudoun County January 3, 1995)("there is no such tort as negligent, or even intentional, breach of contract.") & Gonella, et al., v. Lumbermens Mutual Casualty Co., 64 Va. Cir. 229, 233 (Circuit Court for Fairfax County March 15, 2004)("no cause of action for negligent breach of contract exists under Virginia law").

Count V (Unjust Enrichment):

To state a cause of action for unjust enrichment, the Plaintiff must allege that she "conferred a benefit" on the defendant, that the defendant "knew of the benefit and should reasonably have expected to repay" the Plaintiff, and that the defendant "accepted or retained the benefit without paying for its value." Schmidt v. Household Finance Corporation, II, d/b/a Household Finance Corp. of Virginia, 276 Va. 108, 116 (2008)(citations omitted). Count V of the Complaint does not allege facts (even if assumed to be true for the purposes of a Motion To Dismiss) that satisfy each of these elements of an unjust enrichment cause of action against Defendant ALG Trustee, LLC. Therefore, Count V of the Complaint should be dismissed with prejudice.

Count VI (Civil Conspiracy):

"A civil conspiracy is a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means, resulting in damage to the plaintiff." Glass, et al., v. Glass, et al., 228 Va. 39, 47 (1984)(citations omitted). It is true that the Complaint includes conclusory language in this respect. See Complaint, ¶ 39. However, such conclusory language does not constitute facts. And, the Complaint does not otherwise allege sufficient facts to establish such a cause of action against Defendant ALG Trustee, LLC. Therefore, Count VI of the Complaint should be dismissed with prejudice.

Count VII (Quiet Title):

In this Count of the Complaint, the Plaintiff seeks a declaration that title to the Del Rio Drive property is vested solely in her free and clear of the deed of trust at issue in this matter. Complaint, ¶ 45. Thus, it would appear that the Plaintiff believes that the

deed of trust at issue in this matter constitutes a cloud on the title to the Del Rio Drive property. Obviously, ALG Trustee, LLC, is not the grantor under the deed of trust, nor is it the beneficiary or lender under the deed of trust. The only remaining party to a deed of trust would be the trustee (or the substitute thereof). In this respect, the Complaint does not directly allege that ALG Trustee, LLC, as a matter of fact, is a trustee or substitute trustee under this deed of trust. Compare Complaint, ¶¶ 18, 20, and 32. Consequently, no facts have been alleged (even if assumed to be true for the purposes of a Motion To Dismiss) that would establish and/or otherwise require that ALG Trustee, LLC, is a necessary party and/or otherwise has an alleged interest in the Del Rio Drive property— the effect being that this Count should be dismissed with prejudice as to ALG Trustee, LLC, as well.

WHEREFORE, Defendant ALG Trustee, LLC, by counsel, respectfully requests that this Court enter an Order that: a) sustains its Motion to Dismiss, b) dismisses the Complaint with prejudice, c) awards Defendant ALG Trustee, LLC, its fees and costs, and d) grants Defendant ALG Trustee, LLC, such further relief as it is otherwise entitled to under the law.

                                                  ALG Trustee, LLC
                                                  By Counsel

 /s/  Dean L. Robinson
Dean L. Robinson, Esq.
Virginia State Bar # 34454
Atlantic Law Group, LLC
1602 Village Market Blvd. SE, Suite 310
Leesburg, Virginia  20175
(703) 554-6413
(703) 940-9110 (fax)
drobinson@atlanticlawgrp.com

<u>Certificate of Service</u>

      I hereby certify that a copy of the foregoing document was mailed by first class mail, postage pre-paid, and electronically served via CM/ECF, where applicable, this 6th day of July 2012 to the following individuals:

| | |
|---|---|
| Elena Duarte | C. Paige Bobick, Esq. |
| 11100 Del Rio Drive | McGuireWoods, LLP |
| Fairfax, Virginia 22030 | 310 Fourth Street, NE, Suite 300 |
| Pro Se Plaintiff | Charlottesville, Virginia 22902-1288 |
| | Counsel for Defendants Bank of America, |
| | N.A. and Mortgage Electronic Registration |
| | Systems, Inc. |

    /s/ Dean L. Robinson
Dean L. Robinson, Esq.
Virginia State Bar # 34454
Atlantic Law Group, LLC
1602 Village Market Blvd. SE, Suite 310
Leesburg, Virginia 20175
(703) 554-6413
drobinson@atlanticlawgrp.com